# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

MARCUS DESHAWN WOODSON, )
)
Petitioner, )
)
v. ) Case No. CIV 17-310-RAW-KEW
)
JOE M. ALLBAUGH, DOC Director, )
)
Respondent. )

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Dkts. 1, 7). Petitioner, a pro se prisoner in the custody of the Oklahoma Department of Corrections, is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. He alleges his earned credit level was illegally lowered to non-credit earning status without evidence and without compliance with Department of Corrections policy (Dkt. 1 at 2). Petitioner also complains that the Fourteenth Amendment was violated when he was demoted to Level One on July 27, 2017, following an administrative adjustment review. *Id*. at 2. He asks for restoration of earned credit levels and reversal and expungement of "all misconducts dating back to 7/1/15 up to 7/29/17," as well as release from custody. *Id*. at 6. Respondent alleges Petitioner has failed to exhaust the administrative and judicial state remedies for his claims.

The record shows that on December 21, 2006, Petitioner began serving a 20-year sentence for carrying a weapon/drugs/alcohol into jail (Dkt. 7-2 at 1). According to Respondent, Petitioner is eligible for enhanced credits under Okla. Stat. tit. 57, § 138(D)(2)(c) and would have already discharged his sentence, if he had complied with prison rules. *Id*. at 1-5. Instead, the record shows he has accumulated 85 misconduct convictions during his incarceration. *Id.* Petitioner also has a six-year consecutive sentence for

receiving/possessing/concealing stolen property which he must serve. *Id.* at 1.

On July 27, 2017, Petitioner had an adjustment review pursuant to Okla. Stat. tit. 57, § 138(F), and he received "poor" ratings for his behavior with staff and other inmates, personal hygiene, and living area (Dkt. 7-3 at 1). The review resulted in a level demotion to earned credit Level One and specifically noted Petitioner's behavior on July 23, 2017. *Id.* at 2.

[A] petitioner under § 2241 must exhaust available state remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). This requirement includes exhaustion of administrative remedies. *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981) (holding that a prisoner "must exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus").

Pursuant to Okla. Stat. tit. 57, § 138(F), "[a]ny inmate who feels aggrieved by a decision made by an adjustment review committee may utilize normal grievance procedures in effect with the Department of Corrections and in effect at the facility in which the inmate is incarcerated." With respect to Petitioner's security level and his desire to have unspecified prison misconducts within a given date range reversed and expunged, he could have addressed these claims through the Inmate/Offender Grievance Process, OP-191124 (Dkt. 7-4). Furthermore, if a Petitioner can show he is entitled to immediate release, he can address the claim judicially through state habeas corpus proceedings under Okla. Stat. tit. 12, § 1331.

Petitioner admits in his petition that he has not exhausted the administrative or judicial remedies for his claims, because he asserts such attempts would be futile (Dkt. 1 at 2-4).

> Exhaustion of administrative remedies is not required when it would be futile. *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). The futility exception, however, is quite narrow. We generally apply the exception when there has been an adverse decision disposing of the precise issue raised by the petitioner.

2

> *See Goodwin v. Oklahoma*, 923 F.2d 156, 157-58 (10th Cir. 1991). [Petitioner] has not cited to any such adverse decision.

*Bun v. Wiley*, 351 F. App'x 267, 268 (2009). The Court finds Petitioner's claims of futility in his petition and in his response to the motion to dismiss (Dkt. 9 at 6) are unsupported and conclusory. Therefore, these assertions do not warrant an exception to the exhaustion requirement, and Respondent's motion to dismiss (Dkt. 7) is GRANTED.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY,** Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 7) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 18th day of July 2018.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma